# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LACRICIA J. MCAFEE, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-09-295-FHS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Lacricia J. McAfee (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 8, 1954 and was 54 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade and obtained her GED. Claimant also obtained a dietary management certificate from a vocational school.

3

Claimant has worked in the past as a head school cafeteria cook and a hospital cook. Claimant alleges an inability to work beginning February 8, 2007 due to chronic pain in her coccyx and hips, foot pain, hypothyroidism, high blood pressure, and depression.

**Procedural History**

On April 30, 2007, Claimant protectively filed for disability insurance benefits Title II of the Social Security Act (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 18, 2009, an administrative hearing was held before ALJ Michael J. Kirkpatrick in McAlester, Oklahoma. On April 13, 2009, the ALJ issued an unfavorable decision on Claimant's application. On July 10, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments and could not perform her past relevant work, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

4

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to consider that Claimant was in a borderline age situation when making his decision.

**Consideration of Probative Evidence**

Claimant asserts the ALJ failed to consider that she occupied a borderline age situation. Three age categories have been established under the regulations: younger person (under age fifty), person approaching advanced age (age fifty to fifty-four), and person of advanced age (age fifty-five and over). 20 C.F.R. § 404.1563. The regulations also recognize that "[the Commissioner] will not apply these age categories mechanically in a borderline situation." Id. "A 'borderline situation' exists when there would be a shift in results caused by the passage of a few days or months." Soc. Sec. R. 82-46c. This, of course, begs the question as to what amount of time precisely constitutes a "borderline situation." Case authority gives some guidance. While 93 days and less has been found to be within a borderline situation, seven months has been determined to be outside of the borderline. Daniels v. Apfel, 154 F.3d 1129, 1133 (10th Cir. 1998). The burden is placed on the Commissioner to demonstrate that "the claimant's characteristics precisely match the criteria" of the age category

in which a claimant is placed. Id at 1135 (citation omitted).

In this case, Claimant was within 56 days of reaching age 55 at the time of the ALJ's decision and moving into the "person of advanced age" category. In his decision, the ALJ determined Claimant fell into the "person approaching advanced age" category without consideration of whether she was in a "borderline situation." As such, he applied the grids at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.14 which specifically relates to the "person approaching advanced age" category. (Tr. 21). The ALJ did not make any factual findings or discuss the possibility that Claimant was in a borderline situation. The failure to do so considering the minimal period of time until she moved into the next age category constitutes error, since he effectively applied the grids and the age criteria mechanistically – a process specifically prohibited by the regulations. Daniels, 154 F.3d at 1135.

On remand, the ALJ shall discuss Claimant's borderline age situation and what age category best describes Claimant. Any such finding on a factual issue must be supported by substantial evidence. Here, the ALJ did not discuss the issue and, therefore, the decision to apply the grids was inappropriate and against the prevailing legal authority.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of August, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE